# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 12-560V
### Filed: September 15, 2014
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
COURTNEY KLEIN and                      *
SHAWN MARK LAMBERT, parents of,         *
N.L., deceased,                         *      Attorneys' Fees & Costs; Stipulation
                    Petitioners,        *
          v.                            *
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                    Respondent.         *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Ronald Homer, Conway, Homer, Chin-Caplan P.C., Boston, MA, for petitioners.
Lara Englund, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Gowen**, Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] I issued a Decision on May 12, 2014, dismissing the petition. On September 9, 2014, petitioners filed a Motion for Attorneys' Fees & Costs. Pursuant to General Order #9, petitioners also filed a statement detailing their costs incurred of $350.00. Petitioner and Counsel Statement (General Order No. 9), filed September 10, 2014.

On September 15, 2014, the parties filed a stipulation for attorneys' fees and costs. The stipulation indicates that respondent does not object to the amount of $22,771.40 that petitioners are requesting, including $22,421.40 to cover fees and expenses incurred by petitioners' counsel, plus $350.00 to cover litigation expenses incurred personally by petitioners.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award the total $22,771.40[3] as follows:**

- **a lump sum of $22,421.40 in the form of a check payable jointly to petitioners and petitioners' attorney, Ronald C. Homer, for petitioners' attorneys' fees and costs, and**

- **a lump sum of $350.00 in the form of a check payable to petitioners, Courtney Klein and Shawn Mark Lambert, for their personal litigation costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).